DARRIN M. MENEZES (SBN 202729)
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:  916.558.6000
Facsimile:   916.446.1611
Email:        dmenezes@weintraub.com

JOSEPH E. LEHNERT (OH SBN 089492) Pro Hac Vice (To Be Submitted)
JASON V. STITT (OH SBN 078513) Pro Hac Vice (To Be Submitted)
LAURA G. RAI (OH SBN 102268) Pro Hac Vice (To Be Submitted)
Keating Muething & Klekamp PLL
One East 4th Street, Suite 1400
Cincinnati, OH 45202
Telephone:  (513) 579-6400
Facsimile:   (513) 579-6457
Email:        jlehnert@KMKLAW.com
               jstitt@KMKLAW.com

Attorneys for Defendants, EQUAL ACCESS JUSTICE FUND LP
B.E. BLANK COMPANY LP, BEB PARTNERS LLC, and BENJAMIN E. BLANK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORRALES LAW PC, a California Professional Corporation; MANUEL CORRALES, JR., a California Resident.<br><br>             Plaintiffs,<br><br>     vs.<br><br>EQUAL ACCESS JUSTIVE FUND LP, a Delaware Limited Partnership; B.E. BLANK COMPANY LP, a Delaware Limited; BEB PARTNERS LLC, a limited liability corporation; BENJAMIN E. BLANK, a Florida Resident,<br><br>             Defendants. | Case No.: 3:25-cv-1834-JLS-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:      September 25, 2025<br>Time:      9:00 a.m.<br>Crt Rm: 4D<br>Judge:   Honorable Janis L. Sammartino<br><br>Complaint Filed:  July 18, 2025 |

#4863346v1

**TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………...1

II.   BACKGROUND……………………………………………………….2

III.  LEGAL STANDARD…………………………………………………3

IV.   ARGUMENT…………………………………………………………..7

    A.   The Complaint should be dismissed in its entirety due to *forum non conveniens*, as the Loan Agreement contains valid and enforceable arbitration and forum selection provisions……………………………...7

    B.   The Court lacks personal jurisdiction over B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank…………………………………10

    C.   Plaintiffs have failed to state a claim upon which relief can be granted……………………………………………………………….12

        1.   Plaintiffs have no valid claim against the non-EAJF Defendants…………………………………………………………13

        2.   The arbitration provision in the Loan Agreement is valid and enforceable……………………………………………………14

        3.   The Loan Agreement is not void………………………………16

            a.   The loan repayments and security interests in the Collateral are not fee-sharing………………………………………..17

            b.   The interest rates are not usury…………………………...18

            c.   The disclosure of the interest rates in the Loan Agreement do not violate the Truth In Lending Act…………………19

            d.   The Loan Agreement is supported by adequate consideration……………………………………………..19

            e.   The Loan Agreement does not violate the California Unfair Competition Law………………………………………20

V.    CONCLUSION……………………………………………………....21

weintraub **tobin** chediak coleman grodin
law corporation

i

#4863346v1

1

**TABLE OF AUTHORITIES**

2

3
*JPaulJones, L.P. v. Zurich Gen. Ins. Co. (China) Ltd.*, 533 F.Supp.3d 999 (D. Ore. 2021)……………………………………………………………………………………..4

4

5
*Color Switch LLC v. Fortafy Games DMCC*, 377 F.Supp.3d 1075 (E.D. Cal. 2019)…………………………………………………………………………………..4, 9

6

7
28 U.S.C. § 1391…………………………………………………………………………...4, 5

8
*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004)…………………..5, 8

9
Fed. R. Civ. P. 12(b)(2)……………………………………………………………….5

10

11
Fed. R. Civ. P. 12(b)(6)……………………………………………………………….5

12
*Boschetto v. Hansing*, 539 F.3d 1011 (9th Dist. 2008)………………………………6

13
*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)………………………………………6

14

15
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)………………………………………………6

16
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………6, 14

17
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)……………………………6

18

19
*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995)…………...8

20

21
*Adema Techs., Inc. v. Wacker Chemie AG*, No. 13-CV-05599-BLF, 2014 WL 3615799 (N.D. Cal. July 22, 2014)………………………………………………...9

22
*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000)……….10

23
*Daimler AG v. Bauman*, 571 U.S. 117 (2014)………………………………………11

24

25
*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)…………11

26
*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015)…………………………………12

27

28
*Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175 (Del. Ch. Ct. 1999)……………………………………………………………...13

weintraub **tobin** chediak coleman grodin
law corporation

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

*N. Natural Gas Co. v. Superior Ct.*, 64 Cal.App.3d 983 (Cal. Ct. App. 1976)………13

*Laster v. T-Mobile USA, Inc.*, No. 05CV1167 DMS WVG, 2013 WL 4082682 (S.D. Cal. July 19, 2013)……………………………………………………………………...14

*Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co., Inc.*, 129 Cal.App.4th 759 (Cal. Ct. App. 2005)……………………………………………………………14

*E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187 (3d Cir. 2001)……………………………………………………14

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)…………………………15

*Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9th Cir. 2002)……………………16

*Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024)………………………………………..16

*Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000)………………..16

*Ponist Law Grp., P.C. v. Nationwide Biweekly Admin.*, No. A160798, 2022 Cal. App. Unpub. LEXIS 3410 (Cal Ct. App. June 1, 2022)………………………………...18

*Moncharsh v. Heily & Blase*, 832 P.2d 899 (Cal. 1992)……………………………18

*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co., Inc.*, 425 P.3d 1 (Cal. 2018)…………………………………………………………………………………18

Del. Code. Ann. tit. 6 § 2306……………………………………………………...18

Del. Code Ann. tit. 6 § 2301………………………………………………………18

15 U.S.C. § 1602……………………………………………………………………19

*Gilliam, Trustee of the Lou Easter Ross Revocable Trust v. Levine, Trustee of the Joel Sherman Revocable Trust*, 955 F.3d 1117 (9th Cir. 2020)……………………..19

Cal. Bus. & Prof. Code § 17200…………………………………………………..20

*Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir. 2016)…………………………20

weintraub **tobin** chediak coleman grodin
law corporation

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

*S. Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th 861 (Cal. Ct. App. 1999)……………………………………………………………………...21

*Patricia A. Murray Dental Corp. v. Dentsply Int'l, Inc*., 19 Cal.App.5th 258 (Cal. Ct. App. 2018)……………………………………………………………………...21

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

## I.   __INTRODUCTION__

For the same principal reasons set forth Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 13) ("PI Opposition"),[1] this Court should dismiss Plaintiffs Complaint (ECF No. 1). Plaintiffs' Complaint (like their Motion) is nothing more than their latest, desperate attempt to avoid their loan obligations, arising from an arms-length loan transaction—and is in blatant conflict with the subject Loan Agreement's valid and enforceable arbitration and forum selection provisions.

First, the Complaint should be dismissed for *forum non conveniens*, as the only appropriate forum at this juncture for Plaintiffs' claims is the arbitral forum in which arbitration proceedings are already pending, which proceedings Plaintiffs' have no sound basis to have enjoined by this Court. Second, this Court does not have personal jurisdiction over three of the four Defendants: B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank, and so the Complaint must necessarily be dismissed as to those Defendants. Third and finally, the Complaint fails to state a claim upon which relief can be granted, as the parties are subject to a valid and enforceable arbitration provision, and as the subject Loan Agreement is legally enforceable and does not run contrary to public policy for any of the reasons advanced by Plaintiffs. The Court should dismiss Plaintiffs' Complaint forthwith.

---

[1] Defendants' PI Opposition is incorporated herein by reference as if fully set forth herein, which is further supported by the Declaration of David Childers (ECF No. 13-1) ("Childers Decl.").

EAJF MPA IN SUPPORT OF MTN TO DISMISS

weintraub **tobin** chediak coleman grodin
law corporation

#4863346v1

## II.    **BACKGROUND**[2]

Plaintiffs, Corrales Law P.C. ("Corrales Law") and Manuel Corrales Jr. ("Mr. Corrales") (together, the "Plaintiffs") do not (and cannot) dispute they entered into a loan agreement (as amended, the "Loan Agreement") (*see* Childers Decl., Ex. 1) with Defendant Equal Access Justice Fund LP ("EAJF") freely and voluntarily.[3] Nor can they dispute that the plain language of the Loan Agreement states that "this Agreement and all the Loan Documents evidence a loan and financing agreement wherein at the Borrower's request the Lender is providing financing to the Borrower, and the Borrower represents to the Lender that the contemplated transactions do not constitute in any manner a fee sharing agreement between the Lender and the Borrower with respect to any specific individual Case." (Loan Agr., § 2.8(a).) Plaintiffs further agreed, by agreeing to Section 5.12 of the Loan Agreement, that all parties were complying with all relevant ethical rules, "expressly waiv[ing] any right to bring any private cause of action or any suit of any nature against the Lender in connection with any alleged violation of any Disciplinary Rules." (Loan Agr., §§ 5.12(a)-(b).) And in Section 11.12 of the Loan Agreement, Plaintiffs acknowledged and agreed, *inter alia*, that they were "sophisticated in the practice of law and also experienced in borrowing funds to finance

---

[2] Once again, Defendants fully incorporate herein by reference Section II, "Background", of their PI Opposition.

[3] Corrales Law is Borrower and Mr. Corrales is Guarantor, respectively, under the Loan Agreement.

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

litigation expenses," that they completed their own independent evaluation of the Loan Agreement and other Loan Documents, and therefore that they are not relying upon "the advice of the Lender, or its respective affiliates, partners, members, officers, equity owners, agents, employees or other representatives, as the basis to inform their decision to enter into this Agreement and the transactions contemplated herein." (Loan Agr., §11.12(a).)

All of these provisions were clearly items that Plaintiffs were all too eager to agree to when funding was forthcoming, but that they are objecting to now that it is time to repay EAJF for that funding.

As described in Defendants' PI Opposition, Plaintiffs failed to pay the amounts owed by the Loan Agreement's Maturity Date (which currently exceed $1,273,224.82). Plaintiffs do not argue, in their Complaint, that EAJF did not extend the funding they requested be made, and similarly do not attempt to argue that they paid any adequate amounts owing under the Loan Agreement. Due to this default, EAJF followed the plain language of the Loan Agreement and brought a Demand for Arbitration with JAMS in Delaware, proceedings where Plaintiffs have brought much the same complaints as they have in the present lawsuit, but in which they apparently believe that they are less likely to succeed on the merits. The Court should now put a halt to Plaintiffs' improper attempts at forum shopping and their baseless claims.

## III.    LEGAL STANDARD

Defendants first and foremost respectfully request dismissal of Plaintiffs'

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub tobin chediak coleman grodin
law corporation

Complaint for *forum non conveniens*.

"[F]orum selection clauses should be analyzed under the federal transfer statute, 28 U.S.C. 1404(a), unless the moving party seeks a non-federal forum, in which case *forum non conveniens* is the appropriate doctrinal analysis."[4] *JPaulJones, L.P. v. Zurich Gen. Ins. Co. (China) Ltd.*, 533 F.Supp.3d 999, 1004 (D. Ore. 2021) (quoting *Milliner v. Bock Evans Fin. Couns., Ltd.*, 114 F.Supp.3d 871, 876 (N.D. Cal. 2015)) (determining that *forum non conveniens* analysis is proper where there is a clause requiring arbitration). Here, Defendants seek enforcement of the Loan Agreement's arbitration provision, so the doctrine of *forum non conveniens* must be applied to determine whether the matter should be dismissed so that this dispute may proceed in arbitration. *Color Switch LLC v. Fortafy Games DMCC*, 377 F.Supp.3d 1075, 1082 (E.D. Cal. 2019) (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)).

Under this *forum non conveniens* analysis, the Court must first determine whether the forum selection clause (both for arbitration and for limited jurisdiction in Delaware courts) is valid—the Supreme Court has held that they are presumptively so, and should be honored "absent some compelling and countervailing reason." *Id.*

---

[4] Some courts prefer to categorize this as a Rule 12(b)(3) motion to dismiss for improper venue. *See, e.g., Color Switch LLC v. Fortafy Games DMCC*, 377 F.Supp.3d 1075, 1082 (E.D. Cal. 2019). But for the avoidance of doubt, Defendants do not argue that venue is improper pursuant to 28 U.S.C. § 1391, but that the forum is not the correct one because the parties agreed that these issues should be adjudicated elsewhere.

EAJF MPA IN SUPPORT OF MTN TO DISMISS

weintraub **tobin** chediak coleman grodin
law corporation

#4863346v1

(quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Any party challenging a forum selection clause—here, Plaintiffs—bear "a heavy burden of proof and must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Murphy*, 362 F.3d at 1140 (quoting *Bremen*, 407 U.S. at 15).

Plaintiffs would need to show one of three grounds for the forum selection clause to not be enforced:

> (1) if the inclusion in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Id.* (citing *Bremen*, 407 U.S. at 12-13; *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)). They would then need to show that public interest factors weigh in favor of adjudication in their chosen forum. *Color Switch*, 377 F.Supp.3d at 1083.

In addition to *forum non conveniens*, Defendants seek dismissal pursuant to Civil Rules 12(b)(2) and 12(b)(6), for lack of personal jurisdiction as to Defendants B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank, and for failure to state a claim, respectively.

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the ***plaintiff*** bears the burden of establishing that jurisdiction is proper."

EAJF MPA IN SUPPORT OF MTN TO DISMISS

weintraub **tobin** chediak coleman grodin
law corporation

*Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Dist. 2008) (emphasis added). This generally requires a prima facie showing based on the Complaint and relevant affidavits. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

And "[t]o survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," meaning there is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Although for the purposes of a [12(b)(6)] motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [the Court] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion to dismiss, "a court may consider material which is properly submitted as part of the complaint," like the Loan Agreement, "without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub **tobin** chediak coleman grodin
law corporation

## IV.   **ARGUMENT**

### A.   **The Complaint should be dismissed in its entirety due to _forum non conveniens_, as the Loan Agreement contains valid and enforceable arbitration and forum selection provisions.**

This Court is not the correct forum where this dispute should be adjudicated. There is a valid and enforceable arbitration provision that states that these claims, which are related to the Loan Agreement, must be adjudicated in JAMS arbitration in Delaware. And then, in the very limited circumstances where an arbitrator has not yet been appointed (which is not the case here), state or federal court in Delaware is the appropriate forum.[5] In other words, the Loan Agreement contains two forum-selection clauses (the one for arbitration and the one for Delaware court) that would direct this dispute out of this Court.

In relevant part, the Loan Agreement reads as follows:

> This section [regarding binding arbitration] concerns the resolution of _any controversies or claims between the parties_, whether arising in contract, tort, by statute, or otherwise, _including but not limited to controversies or claims that arise out of or relate to (i) this [Loan] Agreement, (ii) any Loan Document, or (iii) the transactions contemplated hereby or thereby (collectively,_

---

[5] To be clear, the time for bringing litigation under Section 11.15(d) of the Loan Agreement (providing for litigation in Delaware pending the appointment of an arbitrator) has passed, and the proper forum for Plaintiffs to state their objections to the Loan Agreement is in arbitration (and indeed, they already have stated many such objections in arbitration). But if this Court believes that Plaintiffs' Complaint can in any way withstand dismissal, it ought to have been brought in the District of Delaware, as contemplated by the valid forum selection clause in the Loan Agreement.

EAJF MPA IN SUPPORT OF MTN TO DISMISS

weintraub tobin chediak coleman grodin
law corporation

1

        a "*Claim*").

2

                     * * *

3

4

5

6

7

8

9

10

11

12

13

        Any and all **Claims arising out of or relating in any way to this [Loan] Agreement** or any other Loan Document or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this [Loan] Agreement or any other Loan Document **shall be submitted to final and binding arbitration before Judicial Arbitration and Mediation Services, Inc. ("JAMS").** The arbitration shall take place in Wilmington, Delaware and shall be conducted in accordance with the provisions of JAMS Comprehensive Arbitration Rules and Procedures ("JAMS Rules"), or any similar successor, in effect at the time of the filing of the demand for arbitration.

14

(Loan Agr., §§ 11.15(a); (b) (emphasis added).)

15

      As previously stated, Plaintiffs would have a "heavy burden of proof" to make

16

a "clear[] show[ing] that enforcement" of this provision "would be unreasonable and

17

18

unjust, or that the clause was invalid for such reasons as fraud or over-reaching."

19

*Murphy*, 362 F.3d at 1140 (quoting *Bremen*, 407 U.S. at 15). This would include not

20

just fraud or overreaching, but if Plaintiffs would "effectively be deprived of [their]

21

22

day in court were the clause enforced" and if "enforcement would contravene a strong

23

public policy of the forum in which suit is brought." *Id.* (citing *Bremen*, 407 U.S. at

24

12-13; *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

25

26

      Plaintiffs cannot do so. There was no fraud or overreaching in entering into the

27

Loan Agreement whatsoever, let alone for the inclusion of the forum selection clause

28

or the arbitration provision. Plaintiffs would not be deprived of their day in court if this

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

**weintraub tobin** chediak coleman grodin
law corporation

case were heard in the District of Delaware (or indeed, entirely adjudicated in arbitration in Delaware). *Cf. Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) ("The key determination is whether the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."). The exact same claims could be brought in either forum (and in fact, Plaintiffs have raised these issues in arbitration). And there is no strong public policy in this Court that would be contravened by enforcement of the forum selection clause.

Because the forum selection clause and arbitration provision valid, the Court must balance public interest factors "to determine whether dismissal of the action in favor of the other forum" (again, whether that other forum is the District of Delaware or arbitration) "would promote justice." *Color Switch*, 377 F.Supp.3d at 1083. Such factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Adema Techs., Inc. v. Wacker Chemie AG*, No. 13-CV-05599-BLF, 2014 WL 3615799, at *2 (N.D. Cal. July 22, 2014) (citing *Atl. Marine*, 571 U.S. at 62 n.6).

Defendants do not know of any particular administrative difficulties with this matter being decided in either arbitration or the District of Delaware—indeed, proceedings in arbitration are underway. *Cf. Color Switch*, 377 F.Supp.3d at 1091 (noting that this factor will balance in favor of the forum in the forum selection clause if proceedings are already underway there). This is not a localized controversy to the

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub **tobin** chediak coleman grodin
law corporation

Southern District of California—this is an arms-length financing transaction between two business entities. *Cf. id.* (noting that any interest the plaintiff's preferred forum might have in the litigation was mitigated by the fact that the plaintiff contracted to resolve disputes in connection with the agreement pursuant to the forum selection clause, and "even if enforcement of the clause might prevent Color Switch from asserting [certain] rights . . . the outcome is one that should have been apparent to Color Switch at the time it entered the agreement."). And the law that any forum would need to apply in order to adjudicate these issues, pursuant to the Loan Agreement itself, is Delaware law. This forum is not more at home with Delaware law than is the arbitral forum, or the District of Delaware.

Therefore, the *forum non conveniens* analysis countervails against these issues being litigated in this Court. Accordingly, Defendants request that this Complaint be dismissed in favor of proceeding in the pending JAMS arbitral forum.[6]

## B.    The Court lacks personal jurisdiction over B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank.

Additionally, there is no personal jurisdiction over any Defendant who was not a party to the Loan Agreement—in other words, there is no personal jurisdiction over

---

[6] Alternatively, Defendants request that this Court compel arbitration of all claims brought by Plaintiffs herein in the pending JAMS arbitration proceedings, or determine that these matters should be transferred to and adjudicated in the District of Delaware. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (noting that pursuant to 9 U.S.C. § 4, if the Court determines that a valid agreement to arbitrate exists and encompasses the dispute at issue, then the court must "enforce the arbitration agreement in accordance with its terms").

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub **tobin** chediak coleman grodin
law corporation

B.E. Blank & Co. LP, BEB Partners LLC, or Benjamin E. Blank, but only over EAJF.

As a preliminary matter, there is no general personal jurisdiction over any of these parties, including EAJF. "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014) (internal citations omitted). EAJF is a limited partnership organized under the laws of and located in Delaware. (See Loan Agr., § 11.11(a)(ii)). B.E. Blank & Co. LP and BEB Partners LLC are organized under the laws of the state of Delaware, and are located in Florida. (Childers Decl. at ¶ 3, 5.) And Benjamin E. Blank is an individual person living in Florida. (*Id.* at ¶ 6.) None of their affiliations are "so continuous and systematic" as to render them comparable to a California enterprise or a California resident.

As for specific personal jurisdiction, even if the Loan Agreement gives California jurisdiction over EAJF, this is simply not true for the three Defendants that did not enter into the Loan Agreement.

The Ninth Circuit has "established a three-prong test for analyzing a claim of specific personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the

- 11 -

#4863346v1

forum, thereby invoking the benefits and protections of its laws[.]" *Id.* Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]" *Id.* Third, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.*

Plaintiffs are the ones that must establish the first two prongs, *id.*, and they cannot. They have only alleged that B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank were "the agents, employees, partners, joint venturers, or co-conspirators of the other Defendants," and "aided and abetted, authorized, and ratified all of the acts of the other Defendants[.]" But this is based in no facts more specific than Benjamin E. Blank communicating with Plaintiffs from time to time, and B.E. Blank & Co. LP providing a term sheet. (Compl. (Doc. 1) at PageID# 2-3.) Even the relationships between the Defendants (B.E. Blank & Co. LP being a partner of EAJF, BEB Partners LLC being a general partner of both EAJF and B.E. Blank & Co. LP, and Benjamin E. Blank being a manager of BEB Partners LLC) are not sufficient. "The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015).

For these reasons, this Court lacks personal jurisdiction over B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank.

**C.    Plaintiffs have failed to state a claim upon which relief can be granted.**

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub **tobin** chediak coleman grodin
law corporation

weintraub **tobin** chediak coleman grodin
law corporation

1.    _Plaintiffs have no valid claim against the non-EAJF defendants._

Even if the Court finds that it has personal jurisdiction over the non-EAJF

Defendants, Plaintiffs have stated no valid claim against these non-EAJF Defendants.

As stated elsewhere, all of Plaintiffs' claims relate to the Loan Agreement, but B.E.

Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank are not parties to the Loan

Agreement. They did not enter into the loan that Plaintiffs are alleging is void on the

basis of public policy. Plaintiffs only allege that they were all "the agents, employees,

partners, joint venturers, or co-conspirators of the other Defendants," and "aided and

abetted, authorized, and ratified all of the acts of the other Defendants," without

alleging anything more specific than Benjamin E. Blank communicating with Plaintiffs

from time to time, and B.E. Blank & Co. LP providing a term sheet. (Compl. (Doc. 1)

at PageID# 2-3.)

This is not sufficient to warrant bringing any of these Defendants into Plaintiffs'

dispute with EAJF. _See Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P._

_v. Wood_, 752 A.2d 1175, 1180 (Del. Ch. Ct. 1999) ("Delaware law clearly holds that

officers of a corporation are not liable on corporate contracts as long as they do not

purport to bind themselves individually"); _N. Natural Gas Co. v. Superior Ct._, 64

Cal.App.3d 983, 991 (Cal. Ct. App. 1976) ("A parent corporation is not liable on the

contract or for the tortious acts of its subsidiary simply because it is a wholly owned

subsidiary."). Plaintiffs have not proffered an alternative basis of liability for these

other Defendants other than their conclusory statements, which is insufficient to

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

warrant the present litigation. *Bell Atl.*, 550 U.S. at 556-57 ("[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.").

But even if this Court does find some plausible basis set forth in the Complaint for holding the non-EAJF Defendants liable, to be clear, because Plaintiffs' claims against the non-EAJF Defendants arise out of or relate to the Loan Agreement and are based upon the non-EAJF Defendants' relationship to EAJF, those claims must be adjudicated in arbitration rather than in Court, as well. *See Laster v. T-Mobile USA, Inc.*, No. 05CV1167 DMS WVG, 2013 WL 4082682, at *5 (S.D. Cal. July 19, 2013) (citing *Britton v. Co-op Banking Group*, 4 F.3d 742, 747 (9th Cir. 1993)); *see also Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co., Inc.*, 129 Cal.App.4th 759, 765-66 (Cal. Ct. App. 2005); *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001). Either way, the present litigation against B.E. Blank & Co. LP, BEB Partners LLC, and Benjamin E. Blank is inappropriate.

> ### 2. *The arbitration provision in the Loan Agreement is valid and enforceable.*

As stated in Defendants' PI Opposition and elsewhere in this Motion, the present case should not proceed because Plaintiffs and EAJF are already adjudicating their claims relating to the Loan Agreement in arbitration, and are doing so pursuant to a valid arbitration provision within the Loan Agreement. Because the arbitration provision is valid and enforceable, Plaintiffs cannot circumvent it by bringing claims

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

weintraub **tobin** chediak coleman grodin
law corporation

in this Court that should be brought in arbitration.

Plaintiffs are currently seeking declaratory relief that the Loan Agreement is void and unenforceable and injunctive relief enjoining Defendants from enforcing the Loan Agreement (which they also seek in their Motion for Preliminary Injunction). (Compl. (Doc. 1) at PageID# 12.) These are clearly "controversies or claims" "relat[ing] to . . . [the Loan] Agreement," specifically, the Loan Agreement's "enforcement" and "validity." (Loan Agr., §§ 11.15(a); (b).) This is exactly the type of matter—related to the Loan Agreement's "enforcement" and "validity"—that the arbitration provision requires be brought in arbitration.

In order to get around this valid and enforceable arbitration provision, in their Motion for Preliminary Injunction, Plaintiffs stated that the Loan Agreement is void and enforceable as against public policy, so the arbitration provision within the Loan Agreement is also unenforceable. (Pls.' Mot. for Preliminary Injunction (Doc. 2) at PageID# 173.) But as stated in Defendants' PI Opposition, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

Plaintiffs have primarily brought challenges to the loan-related portions of the Loan Agreement (related to fee-sharing and interest rates), rather than the arbitration-related provisions in particular. The one possible quarrel Plaintiffs have with the Loan Agreement that might implicate the arbitration provision is the argument of a lack of

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

consideration, but the Ninth Circuit has held that a promise to submit to arbitration and forego the option of a judicial forum by either party would constitute sufficient consideration from that party. *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1008 (9th Cir. 2002). Because there is no valid argument that the arbitration provision in particular would be unenforceable, this Court ought to enforce it. *Coinbase, Inc. v. Suski*, 602 U.S. 143, 150-51 (2024).

### 3.    *The Loan Agreement is not void.*

On the merits, too, there is nothing improper about the Loan Agreement, and Plaintiffs have failed to state any factual allegations that would give rise to a plausible claim for relief. This, too, was previously discussed in Defendants' PI Opposition. And because the Loan Agreement is incorporated into Plaintiffs' Complaint, it is proper for this Court to consider its plain language in order to determine its effect as a matter of law. "Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous." *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000).

Plaintiffs argue that the Loan Agreement provides for improper fee-sharing in violation of the California Rules of Professional Conduct, that the interest rates in the Loan Agreement are impermissibly high and violate the Truth In Lending Act (TILA), that the Loan Agreement is not supported by adequate consideration, and that it violates California's Unfair Competition Law. Plaintiffs' factual allegations do not plausibly support any of these claims. Each of these are discussed in turn below.

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

### a.    <u>The loan repayments and security interests in the Collateral are not fee-sharing.</u>

Plaintiffs allege in their Complaint that the loan repayments and security interests in certain collateral constitute fee-sharing with non-attorneys in violation of the California Rules of Professional Conduct, thereby rendering the Loan Agreement. But the Loan Agreement does not include any actual fee-sharing arrangements or affect Plaintiffs' overall right to payment for their legal services. Rather, Plaintiffs pledged their future income (among other collateral) to secure the repayment of hundreds of thousands of dollars of loans extended to it by EAJF. (*See* Loan Agr., § 10.1 (stating that Plaintiffs' loan "Obligations shall be secured by valid, perfected, and enforceable Lines on all right, title, and interest of [Plaintiffs] in all of [their] real property, personal property, and fixtures, including all of the Law Firm Proceeds of all Cases, whether now owned or hereafter acquired, and all proceeds thereof[.]"). This has absolutely no effect on Plaintiffs' right to be paid any fees to which they are entitled in their entirety. And regarding the monthly payments described in Plaintiffs' Complaint, Plaintiffs were obligated only to pay EAJF an amount ***equal*** to 50% (as originally drafted) or 25% (as amended) of Corrales Law's proceeds. (§ 2.4(b); *see also* Amendment to Loan Agreement.) Clearly, the parties to the Loan Agreement did not intend that Corrales Law share its fees, only to pay amounts pegged to its monthly revenue.

And if either the security interest in the collateral or the monthly payments are determined to be a violation of the California Rules of Professional Conduct, the

weintraub **tobin** chediak coleman grodin law corporation

- 17 -

California Supreme Court "has held that violations of the Rules of Professional Conduct did not preclude enforcement of a contract as a whole." *Ponist Law Grp., P.C. v. Nationwide Biweekly Admin.,* No. A160798, 2022 Cal. App. Unpub. LEXIS 3410, at *17 (Cal Ct. App. June 1, 2022); *see Moncharsh v. Heily & Blase*, 832 P.2d 899, 919 (Cal. 1992) (holding that a fee-splitting provision in an employment agreement between a lawyer and law firm did not make the entire contract unenforceable so as to defeat an arbitration award based on the contract); *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg., Co.*, 425 P.3d 1, 13 (Cal. 2018) (citing *Moncharsh* in noting the "violation of an ethical rule in one portion of a contract (there a fee-splitting provision) does not necessarily preclude enforcement of the contract as a whole.").

### b.    The interest rates are not usury.

Plaintiffs also allege that the Loan Agreement is void because the interest rate agreed to in the Loan Agreement is usurious. But Delaware substantive law, which applies to this dispute (*see* Loan Agr., § 11.14), expressly states that the defense of usury is unavailable to corporations. Del. Code. Ann. tit. 6 § 2306. That would mean that Corrales Law, a professional corporation, is unable to avail itself of it.

In addition, Delaware law states that there are no limits on interest rates for loans of over $100,000, as long as the loan is not secured by a mortgage against the principal residence of any borrower. Del. Code Ann. tit. 6 § 2301(c). The loan at issue did exceed $100,000, and is not secured by a mortgage against the principle residence of either Plaintiff, so Del. Code. tit. 6 § 2301(c) exempts EAJF from such usury restrictions.

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

**weintraub tobin** chediak coleman grodin
law corporation

1
2

          **c.**      **The disclosure of the interest rates in the Loan
Agreement do not violate the Truth In Lending Act.**

3
4

     Plaintiffs also allege that the interest rates in the Loan Agreement were not

5

adequately disclosed in violation of TILA. But TILA only applies to consumer

6

transactions, which is defined as when "one in which the party to whom credit is

7
8

offered or extended is a natural person, and the money, property, or services which are

9

the subject of the transaction are primarily for personal, family, or household

10

purposes." 15 U.S.C. § 1602(i). *See also Gilliam, Trustee of the Lou Easter Ross*

11
12

*Revocable Trust v. Levine, Trustee of the Joel Sherman Revocable Trust*, 955 F.3d

13

1117, 1120 (9th Cir. 2020) (noting that "[e]xtensions of credit to organizations are

14

excluded, as are credit transactions performed for non-consumer purposes, such as

15
16

loans for a business purpose, even when that loan is obtained by a natural person.").

17

Corrales Law, the party to whom credit was extended, is not a natural person, and the

18

funds were not used for personal, family, or household purposes, but rather, in the

19
20

course of Plaintiffs' business. Therefore, the interest rates in the Loan Agreement do

21

not implicate TILA at all.

22
23

          **d.**      **The Loan Agreement is supported by adequate
consideration.**

24

     Plaintiffs also allege that the Loan Agreement must fail for lack of consideration

25

because the lien EAJF paid off was allegedly not valid. But the Loan Agreement is, in

26

fact, supported by adequate consideration (and Defendants dispute that the lien

27
28

encumbering Plaintiffs' business was invalid).

EAJF MPA IN SUPPORT OF MTN TO DISMISS

weintraub **tobin** chediak coleman grodin
law corporation

#4863346v1

First and foremost, EAJF disbursed $505,000 *at Corrales Law's direction* under the Loan Documents. In other words, Corrales Law received the benefit it bargained for—payoff of the U.S. Claims lien, which allowed Corrales Law to pledge a first lien to EAJF in all collateral. Even if there were a dispute as to the validity of the payoff of the U.S. Claims lien as Plaintiffs allege (and there is no such valid dispute), EAJF also wired $77,000 directly to the bank account of Corrales Law. Plaintiffs cannot reasonably argue that $77,000 paid directly to them does not constitute real consideration.

**e.    The Loan Agreement does not violate the California Unfair Competition Law.**

Finally, Plaintiffs also allege that the Loan Agreement violates California's Unfair Competition Law (UCL) for many of the same reasons (fee-sharing, paying off the U.S. Claims lien, and interest rates). But Plaintiffs have not stated a valid claim under the UCL because Defendants have not engaged in activities that are unlawful, unfair, or fraudulent. *See* Cal. Bus. & Prof. Code § 17200; *see also Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (citations omitted) ("The UCL is a California consumer protection statute that broadly proscribes the use of any unlawful, unfair or fraudulent business act or practice. The UCL operates as a three-pronged statute: Each of these three adjectives [unlawful, unfair, or fraudulent] captures a separate and distinct theory of liability."). None of these three prongs of the UCL present a valid basis for litigation against Defendants. In fact, Plaintiffs have barely

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1

alleged *any* actions by Defendants independent from the Loan Agreement itself.

The Loan Agreement is not unlawful for all of the reasons stated elsewhere in this Section. And it is not unfair—any difficulty Plaintiffs might have in paying back the loan are outweighed by the utility of EAJF obtaining repayment of the loan (and therefore, being able to make credit available to other law firms who could benefit from such credit). *See S. Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th 861, 886 (Cal. Ct. App. 1999). It is not fraudulent because the parties that would enter into these loan agreements with EAJF are attorneys and law firms—they have all tools at their disposal to determine whether these are agreements they want to enter into and obligations they want to assume (as they themselves stipulated to in the Loan Agreement, *see supra*). *Cf. Patricia A. Murray Dental Corp. v. Dentsply Int'l, Inc.*, 19 Cal.App.5th 258, 272 (Cal. Ct. App. 2018) (noting that courts consider the knowledge base of a target consumer when determining whether a business practice is fraudulent).

## V.    CONCLUSION

For these reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety.

Dated:  August 13, 2024

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

By:    */s/ Darrin M. Menezes*
Darrin M. Menezes
Attorneys for Defendants
EQUAL ACCESS JUSTICE FUND LP,
B.E. BLANK COMPANY LP,
BEB PARTNERS LLC, and
BENJAMIN E. BLANK

EAJF MPA IN SUPPORT OF MTN TO DISMISS

#4863346v1